## STATE OF INDIANA *v.* BILLINGS.

[No. 25,251. Filed October 30, 1929. Rehearing denied July 2, 1930.]

*Arthur L. Gilliom* and *James M. Ogden*, Attorney-Generals, *Edward J. Lennon, Jr.*, and *E. Burke Walker*, Deputy Attorney-Generals, *John A. Sunderland*, Prosecuting Attorney, *Roy W. Adney, Charles D. Orear* and *Jones, Hammond & Buschmann*, for appellant.

*George D. Forkner, Donald L. Smith, Rogers & Smith* and *Parr & Parr*, for appellee.

TRAVIS, J.—The question presented for decision is whether the subject embraced in §1 of the act approved February 12, 1913 (Acts 1913 p. 16, ch. 11, §2951 Burns 1926) is expressed in the title.

The offense with which appellee is charged in the indictment is based upon and in the language of §1 of the act, §2951 Burns 1926, *supra*. It is not an element of the offense as charged that appellee procured for the benefit of himself, or of any person, firm, or corporation in which he is interested, either or any of the things mentioned in §1, through having made the false statement in writing to the First National Bank of Lewisville, Indiana, as alleged in the indictment. An epitome of

the allegations of the indictment to state the offense is that appellee unlawfully, feloniously and knowingly made a certain false statement in writing of his financial condition, with the intent that it should be relied upon by the bank, for the purpose of procuring the payment of cash, loans, credit, extension of credit and acceptance of promissory notes for his own benefit.

The error presented is predicated upon the decision of the court sustaining appellee's motion to quash the indictment, because the facts stated therein do not constitute a public offense.

The subject of §1 of the act which purports to define the crime is the making of a false statement in writing respecting the financial condition, or means or ability to pay, for the purpose of procuring cash, a loan, or credit, etc. It is not a necessary element of the crime, as defined by §1, that any property or credit was obtained by use of the false statement of financial condition. The subject expressed in the title of the act is the obtaining of property or credit by use of a false statement. The title is not general; it is restrictive and limited. It restricts and limits the crime, that may be defined thereunder in the act, to any person who, and any firm or corporation that, obtains property or credit under the circumstance, also limited, of using a false statement. It appears that §1 seeks to make the act of knowingly making a false statement a crime, without making the obtaining of property or credit an element thereof. The attempt to so enact a law, to make the law itself broader than the title thereto, is prohibited by the Constitution. Art. 4, §19, Constitution, §122 Burns 1926.

Section 1, in so far as it attempts to define a separate and complete crime, fails, because it omits the necessary element of obtaining property or credit, as restricted by the title of the act. It necessarily follows that the mo-

tion to quash the indictment was well taken, and the decision of the court sustaining it was not an error.

Section 1 of the act, however, is linked and associated with and becomes a part of §2 by specific reference. To define the crime intended to be enacted by §2, it is necessary to use the language of both §§1 and 2, for a complete statement of at least one of the elements specifically enumerated in §1. The two sections, to wit, §§1 and 2, although so separated and separately numbered, constitute a complete definition of but one crime, the subject of which is expressed in the title. When so considered, the two sections merge and make a complete whole, and define the crime within the legislative intention. By this construction, §§1 and 2 of the act stand without violating the Constitution in the particular proposed by appellee, and but one crime is enacted by the two sections. The definition in §1 is incomplete, and by itself is ineffective. It is on this ground that the judgment is affirmed.